UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| JENNIFER WISDOM-SCHEPERS,<br><br>Plaintiff,<br><br>v.<br><br>DEXCOM, INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:25-CV-00192-DCLC-CRW |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Dexcom, Inc.'s Motion to Dismiss for Insufficient Service of Process [Doc. 8]. Plaintiff has not responded to the motion, and the matter is now ripe for adjudication. For the following reasons, the motion is **GRANTED**.

## I. BACKGROUND

Plaintiff filed a complaint in the Circuit Court of Washington County, Tennessee on April 2, 2025, alleging that her husband, Michael Schepers, was using Dexcom's glucose monitoring system and Defendant Tandem Diabetes Care, Inc.'s insulin pump when he suffered a cardiac arrest and passed away on April 3, 2024. Plaintiff asserts claims for wrongful death, design defect, and failure to warn and misrepresentation.

The Washington County Circuit Court issued summons for each Defendant on April 2, 2025, and delivered them to the Tennessee Secretary of State for service. [Doc. 1-3, Ex. A]. On April 24, 2025, the summons on Dexcom was delivered, though the court's docket entry for this event states that it is "unclear" if the green card verifying Dexcom's receipt of the summons was signed. [*Id.*]. On May 23, 2025, the summons on Tandem Diabetes Care was returned as not deliverable due to an insufficient address. [*Id.*].

Months later, Dexcom received a Notice of Docket Sounding from the Washington County Circuit Court, scheduling a Docket Sounding for November 12, 2025 in the case. [*Id.*]. Dexcom promptly removed the case to federal court based on the Court's diversity jurisdiction. [Doc. 1]. At the time of removal, Tandem Diabetes Care, Inc. had not yet appeared in the Washington County case, and it has yet to appear in this federal case. Dexcom now moves to dismiss the case because Plaintiff did not properly serve the Defendants with process pursuant to the requirements of the Tennessee Rules of Civil Procedure.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) provides that the Court may dismiss an action for insufficient service of process. Fed. R. Civ. P. 12(b)(5); *see also King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) ("[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant[,] ... [a]nd in the absence of personal jurisdiction, a federal court is powerless to proceed to an adjudication.") (citations and internal quotation marks omitted). When confronted with a 12(b)(5) motion, the plaintiff bears the burden of executing due diligence in perfecting service of process and showing that proper service was made. *Sawyer v. Lexington–Fayette Urb. Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). "Courts may look to 'record evidence' and 'uncontroverted affidavits' in determining whether plaintiffs have met this burden." *Chapman v. Lawson*, 89 F. Supp. 3d 959, 971 (S.D. Ohio 2015) (quoting *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006)).

## III. ANALYSIS

Since service or attempted service was made prior to removal to federal court, Tennessee law governing service of process applies. 4A Charles Alan Wright & Arthur R. Miller, Federal

Practice and Procedure § 1082 (2d ed. 1987). As Plaintiff apparently attempted here, Tennessee Rule of Civil Procedure 4B(2) permits service on the Tennessee Secretary of State as an out of state defendant's agent. Under this rule, "the plaintiff must deliver the original and a copy of the process, duly certified, to the Tennessee Secretary of State, who then sends it by registered or certified return receipt mail to the defendant." *Sprint Sols., Inc. v. LaFayette*, No. 2:15-CV-2595-SHM-CGC, 2018 WL 3097027, at *3 (W.D. Tenn. June 22, 2018) (citing Tenn. R. Civ. P. 4B(2)). Once process is served, the Secretary of State must file the signed return receipt with the court clerk to effectuate service. Tenn. Code. Ann. § 20-2-216; Tenn. R. Civ. P. 4B(7); *cf. Kremer v. Webador.com*, No. 2:24-CV-00028, 2025 WL 747866, at *6 (M.D. Tenn. Feb. 14, 2025), *report and recommendation adopted*, No. 2:24-CV-00028, 2025 WL 745089 (M.D. Tenn. Mar. 7, 2025) ("The lack of a signature documenting receipt by a person authorized to accept service on [defendant's] behalf prevents the Court from finding that [defendant] has been properly served under Tennessee Rule 4B."). Additionally, Rule 4B(7) provides that, if the Secretary of State receives notice that its registered or certified mail is undelivered, service may be complete if the undelivered mail, the Secretary of State's affidavit setting forth their compliance with the rule, and a copy of the notice are part of the record. *Id.*

Here, there is no evidence that either Defendant was properly served. Dexcom employee Randi Lukasiewicz, by sworn declaration, stated that neither Dexcom nor its registered agent for service of process has records indicating that it received a copy of the summons or complaint. The Washington County Circuit Court's docket report is the only evidence before the Court indicating that process was served on Dexcom, and it states that it is "unclear" if the green card, or return receipt, was signed. This is insufficient to show service under Rule 4B; a plaintiff must produce evidence of a signed return receipt to show effective service. Additionally, the docket report states

that Defendant Tandem Diabetes Care was not served. Plaintiff has not responded to this motion and has not otherwise produced evidence of a signed return receipt for Dexcom or proper service for Tandem Diabetes Care.

Thus, Plaintiff has failed to meet her burden to show that she has effectuated service of process on either Defendant. Generally, the Sixth Circuit prefers courts to allow a second attempt to properly serve Defendants rather than dismiss the case for improper service. *Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1952). That course of action is not warranted here, however. Plaintiff has known since May 2025 that Tandem Diabetes Care was not served, and it does not appear that she has made a second attempt at service. To grant Plaintiff even more time to effect service would be excessive. Plaintiff's failure to exercise diligence in serving Defendants and her inaction in responding to this motion justifies dismissal here.

## IV. CONCLUSION

For the reasons stated herein, Defendant's motion to dismiss [Doc. 8] is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**.

A separate judgment shall enter.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge